UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Muhammad Z. Shaikh, | ) | Civil Action No.:  4:21-cv-03453-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Aekta Motels, LLC | ) | |
| d/b/a  Red Roof Inn, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

In this employment case, Plaintiff Muhammad Z. Shaikh ("Shaikh") alleges claims for discrimination and retaliation on the basis of religion in violation of Title VII of the Civil Rights Act of 1964[1] ("Title VII").  Pending before the Court is Defendant Aekta Motels, LLC d/b/a Red Roof Inn's [ECF No. 50] motion for summary judgment.  This matter is before the Court with the Report and Recommendation ("R&R") [ECF No. 61] of United States Magistrate Judge Thomas E. Rogers, III.[2] The Magistrate Judge recommends that Defendant's motion for summary judgment be granted and this case dismissed in its entirety.  Plaintiff filed objections to the R&R [ECF No.62] and Defendant did not file a reply.

## Legal Standards

### I. Review of the R&R

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination

---

[1]    42 U.S.C. § 2000e, *et. seq.*

[2]    This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Civil Rule 73.02(B)(2)(g).

remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## II. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record ...; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the

mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"Once the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, unsupported speculation, or conclusory allegations to defeat a motion for summary judgment. *See Baber*, 977 F.2d at 875. Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### Factual Background

Plaintiff began working for Defendant as a manager of a hotel in June of 2018. ECF No. 1 at ¶ 10. Plaintiff alleges Defendant discriminated against him because of his Muslim religion. *See* ECF No. 1. Specifically, Plaintiff alleges that he was called into work on Fridays when he was supposed to be off to attend mosque services, his prayers were interrupted, and one of Defendant's owners made comments to Plaintiff about his beard and his wife's hijab, which are both requirements of the Muslim religion. *See* ECF No. 1 at ¶ 11–15. Plaintiff also alleges that after he complained about the alleged discrimination, Defendant retaliated against him by terminating his employment on July 20, 2020. *Id*. at ¶16–17.  Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").  The EEOC issued a dismissal and notice of rights that indicated "[Defendant] employs less than the required number of employees or is not

otherwise covered by that statute" and informed Plaintiff of his right to sue. *See* ECF No. 50-4.

Plaintiff subsequently filed the instant action in this Court.

Defendant's Quarterly Federal Tax Returns ("Tax Returns") indicate that between April of 2018 and June of 2020, Defendant had no more than twelve employees. ECF No. 50-3 & ECF No. 52-4. Three of Defendant's Quarterly Wage Reports ("Wage Reports") for the South Carolina Department of Employment and Workforce indicate Defendant employed a different number of employees than reported in the corresponding Tax Returns, but all of Defendant's Wage Reports show less than fifteen employees for each quarter. *See* ECF No. 54-4.

## Discussion

Plaintiff claims he was discriminated against on the basis of religion and that Defendant retaliated against his complaints of discrimination by terminating his employment. *See* ECF No. 1. The Magistrate Judge recommended granting summary judgment on these claims after concluding Defendant fails to meet the definition of "employer" under Title VII. ECF No. 61. The Magistrate Judge found no evidence in the record indicates Defendant employed fifteen or more employees during the relevant time period and any discrepancies in the Tax Returns and the Wage Reports do not create a genuine issue of material fact. *Id*. at pp. 3–6. Plaintiff objects to the R&R, arguing that those discrepancies do create a genuine issue of material fact. *See* ECF No. 62. This Court disagrees.

"An entity can be held liable in a Title VII action only if it is an 'employer' of the complainant." *Butler v. Drive Auto. Indus. Of Am., Inc.*, 793 F.3d 404, 408 (4th Cir. 2015). To be a Title VII "employer," an entity must "ha[ve] fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or proceeding calendar year." 42 U.S.C.

4

2000e(b) (2016).  In this case, although there were discrepancies in the number of employees listed

in some of the Tax Returns and some of the Wage Reports, there is no indication in those records

that Defendant ever employed fifteen or more employees during the relevant time period.  One of

Defendant's owners also provided a sworn affidavit stating "Defendant did not employ fifteen (15)

or more employees for each working day in each of twenty or more calendar weeks in the current or

proceeding calendar years."  ECF No. 50-8.  Besides Plaintiff's own assertion that Defendant

employed fifteen or more employees, Plaintiff has not provided any evidence of such.[3]  Thus, there

is no genuine issue of material fact, and Plaintiff has failed to show Defendant was an "employer"

for purposes of Title VII.  *See Taylor v. Cardiology Clinic, Inc*., 195 F.Supp.3d 865, 869–70 (W.D.

V.A. 2016)(quoting *Wilson v. Comtrust LLC*, 249 F.Supp.2d 993, 997 (N.D.Ill. 2003) ("A plaintiff

'bears the burden of proving the number of employees, including the duration of their employment,

with some element of precision.'"(internal citation omitted))); *Anderson*, 477 U.S. 247–48 ("[T]he

mere existence of some alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment; the requirement is that there be no genuine issue

of material fact.").  Because no genuine issue of material fact exists, summary judgment is

appropriate.

## Conclusion

Based on the foregoing, this Court **OVERRULES** Plaintiff's objection [ECF No. 62],

**ADOPTS** the Magistrate Judge's R&R [ECF No. 61], and **GRANTS** Defendant's motion for

---

[3]        In his Response in Opposition to Defendant's Motion for Summary Judgment, Plaintiff indicated he
submitted a list of the employees that worked for him during the relevant time period and he cited to his Exhibit D.
*See* ECF No. 52 at p. 5.  However Exhibit D only contains the aforementioned Tax Returns and Wage Reports and
did not include a list or any other evidence indicating Defendant employed more than fifteen employees.

summary judgment [ECF No. 50].

**IT IS SO ORDERED.**

Florence, South Carolina                                    s/ R. Bryan Harwell
February 27, 2024                                           R. Bryan Harwell
                                                            Chief United States District Judge